IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT

2010 MAR -2 P 4: 14

CLERK

RUSSELL E. D. ROBINSON,

Petitioner,

vs.

CIVIL ACTION NO.: CV209-126

ANTHONY HAYNES, Warden, and
FEDERAL BUREAU OF PRISONS,

Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Russell Robinson ("Robinson"), who is currently incarcerated at the Federal Satellite Low in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, Robinson filed a Traverse, Respondent filed a Reply and Robinson responded. For the reasons which follow, Robinson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Robinson was convicted in the United States District Court for the District of the Virgin Islands for Conspiracy to Possess with intent to Distribute Cocaine, in violation of 21. U.S.C. 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D); Conspiracy to Import Cocaine, in violation of 21 U.S.C. § 963; and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h). (Doc. No. 10-2, p. 5). Robinson was sentenced to 160 months' imprisonment and five (5) years' supervised release. (Id. at pp. 6-7). As part of his

sentence, Robinson was also ordered to pay a $1000 fine and a $300 special assessment. (Id. at p. 8).

In the instant petition, Robinson asserts that Respondent has no authority to set and schedule installment payments for his court-ordered fine and criminal assessment, that the Bureau of Prisons ("BOP") has no authority to require him to participate in the Inmate Financial Responsibility Program ("IFRP"), and that Robison's placement in "Refusal to Participate in IFRP" category is illegal. (Doc. No. 1, pp. 1-2).

Respondent contends that the BOP is entitled to administer a financial program within its facilities to require inmates to cooperate with prison officials to develop a plan to meet their financial obligations, including court ordered fines. (Doc. No 10, p. 4). Respondent asserts that an inmate's refusal to participate in the IFRP or to comply with the provisions of his financial plan ordinarily results in the inmate suffering certain consequences, such as denial of pay or work details outside of the institutional perimeter, limits on commissary spending, or denial of placement in a community based program. (Id. at p. 8). Respondent further asserts that setting a payment schedule for Robinson and placing him on IFRP Refuse status for his failure to comply with the schedule are lawful actions by the BOP. (Id. at pp. 9-16).

## DISCUSSION AND CITATION OF AUTHORITY

I. **Setting of Payment Schedule**

Robinson contends that the holding in United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002), renders the BOP's setting of a payment schedule illegal. (Doc. No. 11, pp. 4-5). Robinson's sentencing order states, "$300.00 Special Assessment due immediately. Should the defendant be released from imprisonment with a fine unpaid,

he shall pay the remainder of that fine during the period of supervised release at a rate not less than $100.00 a month." (Doc. No. 10-2, p. 9). The order also states, "The Court recommends that the defendant participate in the Inmate Financial Responsibility Program." (Id. at p. 6). The court did not set a payment schedule for Robinson outside of the aforementioned parameters.

The facts in the instant case are analogous to those in Williams v. Pearson, 197 F. App'x. 872 (11th Cir. 2006). In Williams, the petitioner asserted inter alia that the BOP was illegally collecting money from him and had illegally established a payment schedule in violation of the Eleventh Circuit's holding in Prouty. Id. at 874. Williams argued that the BOP's setting of its own payment schedule and its collection of money before his release were violations of the district court's restitution order.[1] Id. Disagreeing, the Court of Appeals for the Eleventh Circuit stated:

> Even assuming the court had not contemplated deducting funds for the purposes of paying restitution, Prouty would not be applicable to the instant case. Prouty was a direct appeal in which the defendant clearly was challenging the district court's order of restitution. . . . From the record in this case, Williams has never directly appealed the court's actual restitution order. If he believed that the district court violated the [Mandatory Victims Restitution Act] by failing to set a schedule, his first remedy should have been to file a direct appeal, and his failure to raise the issue on direct appeal renders the claim procedurally defaulted.

---

[1] Though Prouty and Williams address orders of restitution, the Eleventh Circuit has concluded that Prouty is applicable to cases disputing the payment of fines because of its reliance on 18 U.S.C. § 3572(d)(2), a provision located in the statute addressing the imposition of a fine. U.S. v. Major, 303 F. App'x 798, 801 n. 4 (11th Cir. 2008) (citing Prouty, 303 F.3d at 1254 n. 3).

AO 72A
(Rev. 8/82)

Dohrmann v. United States, 442 F.3d 1279, 1280-81 (11th Cir. 2006) (holding that a prisoner procedurally defaulted on his § 2241 challenge to the district court's initial calculation of restitution).

Id. at 878.

Like Williams, Robinson's assertion that the trial court neglected to set a payment schedule is a claim that should have been brought on direct appeal. Petitioner's failure to appeal the lack of payment schedule procedurally defaults him from bringing this claim.

II.     **IFRP Participation**

"A person sentenced to pay a fine or other monetary penalty . . . shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). Pursuant to the authority delegated to the Director of the BOP, the BOP enacted the IFRP. 28 C.F.R. § 545.10, et seq. Through the IFRP, the BOP encourages every "sentenced inmate to meet his . . . legitimate financial obligations. As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." 28 C.F.R. § 545.10. A fine imposed as part of an inmate's sentence qualifies as an inmate financial obligation. 28 C.F.R. § 545.11(a)(3). The BOP determines whether an inmate participates in the IFRP when an inmate's "demonstrated level of responsible behavior" is assessed. 28 C.F.R. § 545.11(c). Failure to comply with the IFRP can result in punitive action by the BOP. 28 C.F.R. § 545.11(d)(1)-(11).

AO 72A
(Rev. 8/82)

Every circuit that has addressed the IFRP has approved of it and found no due process violations. See Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (listing cases). The Court of Appeals for the Eleventh Circuit has not indicated that it would vary from the holdings of other circuits. See Williams, 197 F. App'x at 877 (concluding that Petitioner's argument that the IFRP violated due process rights was meritless). Therefore, the undersigned rejects Robinson's argument that the IFRP and punitive action for failure to comply is illegal. There is no violation of statute or the Constitution in the BOP's attempt to collect Robinson's fine.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE