# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RUSSELL E. D. ROBINSON,

    Petitioner,

vs.

ANTHONY HAYNES, Warden, and
FEDERAL BUREAU OF PRISONS,

    Respondents.

CIVIL ACTION NO.: CV209-126

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Russell Robinson ("Robinson") asserts: (1) that the dismissal of his petition is improper because he wishes to assert a property interest in his inmate trust fund based on the Third Circuit's holding in Burns v. PA Dept. of Correction, 544 F.3d 279 (2008); (2) that he did file a direct appeal challenging the imposition of a fine, and therefore the Report's reliance on Williams v. Pearson, 197 F. App'x. 872 (11th Cir. 2006), is misplaced; and (3) that Respondents are violating federal statutes 15 U.S.C. § 1692b and 28 U.S.C. § 1963 by collecting Robinson's fine.

In Burns, an inmate brought a § 1983 due process claim against the state department of corrections arising out of the assessment of an inmate's institutional account as a part of its disciplinary proceedings. Burns, 544 F.3d at 280. The Third Circuit held that the assessment constituted a deprivation of protected property interest for purposes of procedural due process. Id. at 291. Burns is inapplicable to Robinson's claim for several reasons. First, Burns's claim was brought as a § 1983 procedural due process claim rather than a 28 U.S.C. § 2241 motion. Secondly, the holding in Burns is not controlling in this circuit. Finally, Robinson's account has not been encumbered by an assessment that was placed on his account without due process of law. Therefore, Robinson's reliance on Burns is inappropriate.

Despite his assertions to the contrary, Robinson failed to make the argument that the trial court neglected to set a payment schedule on direct appeal. In United States v. Fleming, 287 F. App'x. 150 (3d Cir. 2008), the Third Circuit listed the issues that Robinson raised on appeal:

> Robinson, who is proceeding *pro se* on appeal, claims that the District Court did not have jurisdiction over the case because of the prosecutors' alleged failure to file their oaths of office with the clerk of the Virgin Islands District Court, that there was insufficient evidence to convict him on any count, that the District Court should have acquitted him because of inconsistent verdict form responses, that he was denied the right to represent himself during trial, and that there were structural and other trial errors.

Id. at 152-53 (internal citations omitted). Robinson failed to directly appeal the implementation of a payment schedule. Therefore, the Report's reliance on Williams to dismiss Robinson's payment schedule claim was proper.

Robinson asserts that Respondents are violating 15 U.S.C. § 1692b and 28 U.S.C. § 1963. 15 U.S.C. § 1692b states:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> (2) not state that such consumer owes any debt;
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
> (4) not communicate by post card;
> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

28 U.S.C. 1963 states:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien. The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

Robinson fails to explain how respondents have violated either of the aforementioned statutes. Robinson's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Robinson's petition for writ

of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 19 day of August, 2010.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE